**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSE MAURICIO SALAZAR-CARRANZA, AKA Joe Salazar, Jr.,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-71274<br><br>Agency No. A023-075-675<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2010 [**]

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

   Jose Mauricio Salazar-Carranza, a native and citizen of El Salvador,

petitions for review of the decision of the Board of Immigration Appeals denying,

as untimely filed, his motion to reopen removal proceedings.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Salazar-Carranza alleges that the untimeliness of his motion to reopen was excused by equitable tolling, and that he was improperly placed in removal proceedings.

The BIA did not abuse its discretion in denying Salazar-Carranza's motion to reopen as untimely filed, *see* 8 C.F.R. § 1003.2(c)(2), and petitioner failed to establish that he acted with the due diligence required for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (deadline for filing a motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"). In any event, we lack jurisdiction to review Salazar-Carranza's equitable tolling claim because he did not raise this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). To the extent that petitioner challenges the BIA's refusal to reopen *sua sponte*, we lack jurisdiction to review that decision. *See Ekimian v. INS*, 303 F.3d 21153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**